1    UNITED STATES DISTRICT COURT

2    DISTRICT OF CONNECTICUT

3

     UNITED STATES OF AMERICA,    )
4                   Plaintiff,    )    NO: 3:21MJ1197(RMS)
                                  )
5    vs.                          )
                                  )    December 10, 2021
6    JOHN GRIFFIN,                )
                    Defendant.    )    Initial Appearance
7    _____

8
                              141 Church Street
9                        New Haven, Connecticut

10   B E F O R E:
               THE HONORABLE ROBERT M. SPECTOR, U.S.M.J.
11
     A P P E A R A N C E S:
12

     For the Plaintiff :          ANGEL KRULL, AUSA
13                                United States Attorney's Office
                                  157 Church Street, 25th Floor
14                                New Haven, CT 06510

15   For the Defendant:           JOSEPH MARTINI, ESQ.
                                  Spears, Manning & Martini, LLC
16                                2425 Post Road, Suite 203
                                  Southport, CT 06890
17

18

19

20

21

22

23
     Transcriber:                 Martha C. Marshall, RMR, CRR
24

25   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.

1      THE COURT:  We're here in the case of the United

2 States of America versus John Griffin.  This is a case out of

3 the District of Vermont and the case number in the District

4 of Vermont is 2:21CR109.  The case number for Connecticut is

5 3:21MJ1197.

6      Could I please have appearances of counsel, starting

7 with the Government.

8      MS. KRULL:  Good afternoon, Your Honor.  Angel Krull

9 on behalf of the United States.

10      THE COURT:  Good afternoon.

11      MR. MARTINI:  Good afternoon, Your Honor.  It's

12 Joseph Martini for Mr. Griffin.  And I have filed a motion

13 with the court for the -- for an order that Mr. Kirby, David

14 Kirby, who is also on the line, be admitted pro hac vice for

15 purposes of this proceeding before the Court.  We filed a

16 motion.  We have paid our fee.  And I believe we're in the

17 process of having Mr. Kirby's affidavit filed on the docket

18 as well.

19      THE COURT:  All right.  I haven't reviewed that

20 motion, Attorney Martini.  So if you're able to handle this

21 proceeding that would be appreciated.

22      Let me have the United States Probation Officer

23 identify herself.

24      PROBATION OFFICER:  Good afternoon, Your Honor.

25 Jessica Dickson with the United States Probation Office.

1          THE COURT:  Hello.

2          All right.  Mr. Griffin, we're here today because,

3   as you know, an indictment has been filed against you in the

4   District of Vermont charging you with violations of federal

5   law.  We're here today to advise you of your rights, to make

6   sure that you have counsel, to consider the question of

7   detention or release, and to set a preliminary schedule for

8   the case.

9          You'll not be asked to enter any kind of plea at all

10  today.  And, of course, you're presumed innocent until proven

11  guilty beyond a reasonable doubt.

12         Before we get started, I want to make sure that you

13  understand that under Federal Rule of Criminal Procedure 43,

14  you have the right to have this hearing in a courtroom and to

15  be physically present for it.

16         Do you understand you have that right?

17         THE DEFENDANT:  Yes, I do, Your Honor.  Thank you.

18         THE COURT:  Have you had a chance to talk to your

19  attorneys about your right to go forward today in a

20  courtroom?

21         THE DEFENDANT:  This is the first I'm hearing of it.

22  But if my attorneys agree, I'm happy to waive that right and

23  look at you on a screen, Your Honor.

24         THE COURT:  No problem.  That's okay.  I'm just

25  upstairs so I am happy to do this in a courtroom.

4

1          Attorney Martini, I'm going to ask my Courtroom

2   Deputy to put you in a breakout room with Mr. Griffin.  The

3   law requires that you review his right to have this hearing

4   in a courtroom and make sure that he fully understands that

5   right before we proceed by Zoom.  All right.  And as I

6   mentioned, I'm happy to do this in a courtroom today.  Okay.

7          So I'll ask my Courtroom Deputy to move you all into

8   a breakout room and we'll take a recess until that's

9   completed.

10          (Whereupon, defendant and his attorney were moved

11   into a breakout room.)

12          (Recess.)

13          MR. KIRBY:  Angel, we seem to be back, but we seem

14   to have lost the Court.

15          THE CLERK:  The defendant will be back in in 39

16   seconds.

17          THE COURT:  You haven't lost anyone.  We're all

18   here.

19          MR. KIRBY:  Okay.  Good morning, Your Honor.  David

20   Kirby, by the way.

21          THE COURT:  Good morning.

22          MR. KIRBY:  Or good afternoon I should say.

23          THE COURT:  I have no idea whether it's morning or

24   afternoon.  I just go where they tell me.

25          All right.  Once Mr. Griffin gets back into the room

1    we can continue.

2            All right.  Hello, Mr. Griffin.

3            So have you now had an opportunity to talk to your

4    attorneys about your right to go forward today in a

5    courtroom?

6            THE DEFENDANT:  Yes, I have, Your Honor.

7            THE COURT:  And you feel like you fully understand

8    that right?

9            THE DEFENDANT:  Yes, I do, Your Honor.

10           THE COURT:  Would you like to go forward in a

11   courtroom or would you prefer to go forward by video?

12           THE DEFENDANT:  No, sir, I prefer to go forward

13   here.

14           THE COURT:  All right.  Is anybody threatening you

15   or forcing you to get you to give up your right to go forward

16   in a courtroom today?

17           THE DEFENDANT:  Not at all, Your Honor.

18           THE COURT:  Thank you.

19           Attorney Martini, have you had an opportunity to

20   talk to your client about his right to go forward in a

21   courtroom?

22           MR. MARTINI:  We have, Your Honor, yes.

23           THE COURT:  And based on that conversation, are you

24   confident that he's knowingly and voluntarily waiving that

25   right?

1          MS. KRULL:  I am.

2          THE COURT:  All right.  So I'll find that

3     Mr. Griffin has knowingly and voluntarily waived his right to

4     go forward today in a courtroom and has agreed, instead, to

5     go forward by video.

6          Mr. Griffin, I'd now like to review the charges

7     against you in the indictment that is pending in Vermont.

8     Before I do that, I just want to ask the prosecutor, do you

9     know if this indictment is sealed?

10          MS. KRULL:  It has been unsealed today.

11          THE COURT:  It has been unsealed.  Thank you.

12          All right.  So, Mr. Griffin, have you been given a

13     copy of the indictment or have your attorneys read it to you?

14          THE DEFENDANT:  Yes, Your Honor, I have.  I'm in

15     possession of a copy of the indictment.

16          THE COURT:  All right.  Thank you.

17          So, as you know, the indictment appears to be 10

18     pages long.  Count One is set forth starting in paragraph 5,

19     although it incorporates paragraphs 1 through 4, and it

20     alleges a violation of Title 18, United States Code, Section

21     2422 of subsection (b), as in boy.  Count Two, which begins

22     on page 5, also alleges the same violation of Title 18, U.S.

23     Code, Section 2422(b).  Count Three starts on page 6, and

24     also alleges a violation of Title 28, U.S. Code, Section

25     2422(b).  And there's a Forfeiture Notice which begins on

1    page 8 and continues through to the end of the indictment.

2    So these are the charges against you in the indictment, three

3    counts.

4            All right.  And so I want to start by advising you

5    have your rights.

6            You have the right to remain silent, which means

7    you're not required to make any statements to anyone about

8    this case.

9            If you've already made a statement, you don't need

10   to continue.

11           If you start making a statement, you can stop at any

12   time.

13           And if you choose to make a statement, you have the

14   right to have your attorney with you.

15           Do you understand?

16           THE DEFENDANT:  Yes, Your Honor, I do.

17           THE COURT:  If you choose to make a statement,

18   anything you say can and very likely will be used to

19   prosecute you in this case or in any other case.

20           Do you understand?

21           THE DEFENDANT:  Yes, I do, Your Honor.

22           THE COURT:  You also have the right to be

23   represented by counsel at every stage of these proceedings.

24   You have that right even if you cannot afford to retain

25   counsel yourself.  If you cannot afford to retain counsel

1    yourself, and you so request and qualify, the Court will

2    appoint counsel to represent you at no cost to you and for

3    all the proceedings in the case.

4            Do you understand?

5            THE DEFENDANT:  Yes, I do, Your Honor.

6            THE COURT:  All right.  Attorney Martini, I

7    understand you and Attorney Kirby are here as retained

8    counsel?

9            MR. KIRBY:  That's correct.

10           MR. MARTINI:  Yes, that's correct, Your Honor.

11           THE COURT:  All right.  And so Mr. Griffin will not

12   be requesting the appointment of counsel in this case?

13           MR. MARTINI:  That's correct.

14           THE COURT:  All right.  Thank you.

15           So, Mr. Griffin, if anything should change and you

16   should -- it's very important to have an attorney represent

17   you throughout all the proceedings in this case.  So if

18   anything should change about your retained representation and

19   you would like the Court to appoint counsel, you should make

20   that request.  And you would have to file a financial

21   affidavit under seal.

22           Do you understand?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  I also need to advise you that if you

25   have citizenship rights in some country other than the United

1    States, you have the right to request that the Government

2    notify that country of your arrest.  And I don't want you to

3    say anything about your citizenship on the record but, if you

4    feel that you have those rights, you should talk to your

5    attorney.  Okay?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  I'm also required to advise the parties

8    at this time of the requirements of *Brady versus Maryland,* a

9    United States Supreme Court case.  I direct the prosecution

10   to comply with its obligation under *Brady versus Maryland* and

11   its progeny to disclose to the defense all information,

12   whether admissible or not, that is favorable to the

13   defendant, material either to guilt or to punishment, and

14   known to the prosecution.  Possible consequences for

15   non-compliance may include dismissal of individual charges or

16   the entire case, exclusion of evidence and professional

17   discipline, or court sanctions on the attorneys responsible.

18             I'll be entering a written order more fully

19   describing its obligation and the possible consequences for

20   failing to meet it.  And I direct the prosecution to review

21   and comply with that order.

22             Attorney Krull, on behalf of the AUSAs in Vermont,

23   will you please provide them with a copy of my written order

24   and so that they understand their obligation?

25             MS. KRULL:  Yes, I will, Your Honor.

1            THE COURT:  Thank you.

2            Mr. Griffin, if you have any additional questions

3    about the *Brady* rule you should speak to your attorney.

4    Okay?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  I want to ask you a few questions before

7    we turn to the charges against you to make sure that you and

8    I are understanding each other.

9            Can you tell me how old you are?

10           THE DEFENDANT:  I'm 44, Your Honor.

11           THE COURT:  Can you tell me about your educational

12   background?

13           THE DEFENDANT:  I have a BA from Princeton

14   University in English and a minor in drama.

15           THE COURT:  All right.  Are you currently under the

16   care of a doctor or a counselor of any kind?

17           THE DEFENDANT:  No, Your Honor.  No.

18           THE COURT:  Are you taking any medicine or

19   substances that might affect your ability to understand me?

20           THE DEFENDANT:  No, Your Honor.

21           THE COURT:  In the last 24 hours, have you had any

22   drugs or alcohol?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  All right.  Is there -- and was that

25   yesterday or today?

1    THE DEFENDANT:  I am confident that it was long

2    enough ago that I am bone-dry sober at this point, Your

3    Honor.

4    THE COURT:  All right.  Thank you.

5    I would ask, Attorney Martini, having met with

6    Mr. Griffin, do you have any reason to believe that he's

7    currently under the influence of any alcohol or drug?

8    MR. MARTINI:  I don't have any reason to believe

9    that he is, no, Your Honor.

10    THE COURT:  Thank you.

11    All right.  You mentioned, Mr. Griffin, that you

12    received a copy of the complaint.  Have you reviewed the

13    charges with your attorney?

14    THE DEFENDANT:  Yes, Your Honor, I have.

15    THE COURT:  And have you read the -- I'm sorry, it

16    should have said indictment, not complaint.  Have you read

17    the indictment yourself?

18    THE DEFENDANT:  Yes, I have, Your Honor.

19    THE COURT:  Thank you.

20    So I'll turn a back to Attorney Krull.  If you could

21    advise Mr. Griffin of the maximum penalties he faces in this

22    case.

23    MS. KRULL:  Yes, Your Honor.

24    As you mentioned, the indictment charges three

25    counts of Title 18, United States Code, Section 2422(b).  If

1    convicted of those charges, each count carries a mandatory

2    minimum of 10 years imprisonment and a maximum of life

3    imprisonment.  There is a $250,000 fine, a maximum.  There is

4    also a mandatory minimum of 5 years of supervised release up

5    to lifetime supervised release.

6              There are a couple of different special assessments.

7    There is the normal $100 special assessment per count.  There

8    is also a $5,000 special assessment pursuant to Title 18,

9    United States Code, Section 3014.  And there is also

10    restitution and forfeiture.

11             THE COURT:  Thank you.

12             Mr. Griffin, do you understand the maximum penalties

13    that you face in this case?

14             THE DEFENDANT:  Yes, I do, Your Honor.

15             THE COURT:  Thank you.

16             And, Attorney Krull, I think the arrest warrant -- I

17    see the arrest warrant.  If there is a return, that you could

18    make sure it's filed today.

19             MS. KRULL:  Yes, Your Honor.  I believe that it

20    already has been.

21             THE COURT:  All right.  Thank you.

22             Am I correct that Mr. Griffin was arrested earlier

23    today?

24             MS. KRULL:  Yes.  At approximately 10:25, a.m.

25             THE COURT:  All right.  Thank you.

1                All right.  Mr. Griffin, there's a number of rights

2       I want to go through with you now.

3                First of all, because this indictment was filed in

4       the District of Vermont rather than the District of

5       Connecticut, you're entitled to what is called an Identity

6       Hearing.  That means that you can require that the Government

7       establish that you are the John Griffin that is charged in

8       the indictment out of Vermont before you can be ordered to

9       appear in Vermont.

10               The other thing I want to make sure you understand,

11      that under Federal Rule of Criminal Procedure 20, it's

12      possible that this case, which has been charged in the

13      District of Vermont, could be transferred to the District of

14      Connecticut.  Rule 20 allows the transfer of a case only for

15      the purposes of a guilty plea, not for a trial, and only if

16      the United States Attorneys for both the charging District

17      and the District of Connecticut agree.

18               Now, that's not something that can be decided today

19      but, if you're interested in this possibility, you should

20      talk about it with your attorney.

21               And, finally, you have the right to have a Detention

22      Hearing either here or in the charging District.

23               Attorney Martini, have you discussed with your

24      client whether he wants to have any hearings in Connecticut?

25      For example, does he want to have an Identity Hearing or a

1    Detention Hearing here in Connecticut?

2            MR. MARTINI:  It's my understanding, Your Honor,

3    that he would like to have any hearings held in the District

4    of Vermont.

5            THE COURT:  All right.  And so just focusing for the

6    moment on the Identity Hearing.  Is it fair to say that

7    Mr. Griffin concedes that he is the individual charged in the

8    indictment in the District of Vermont?

9            MR. MARTINI:  That's my understanding, Your Honor,

10   yes.

11           THE COURT:  All right.  Because I just need to cover

12   that before I order him back to Vermont.

13           So, Mr. Griffin, is that correct, that you agree

14   that you are the person charged in the indictment that we've

15   been reviewing?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Thank you.

18           All right.  Now turning to the issue of -- one

19   moment -- turning to the issue of detention.  The Government

20   has filed a motion for pretrial detention or, I should say, a

21   written motion for pretrial detention.  In the written

22   motion, the Government represents that there's a rebuttable

23   presumption of detention based on the nature of the charge.

24   In particular, the fact that Mr. Griffin is charged with a

25   violation of Title 18, 2242, which carries -- is covered by

1   the Bail Reform Act under the rebuttable presumption -- I'm

2   sorry, 2422 -- which is covered by the Bail Reform Act as a

3   statute that raises the presumption of detention.

4        And so I guess I should ask, first, from Attorney

5   Martini, do you agree that the rebuttable presumption applies

6   based on the nature of the charge here?

7        MR. MARTINI:  I do, Your Honor, yes.

8        THE COURT:  Thank you.  And so you sort of already

9   answered this, but what is your preference on how we address

10   the issue of detention today?

11        MR. MARTINI:  Our preference, Your Honor, is, you

12   know, after consulting with Mr. Griffin, to have the hearing

13   on detention be held in the District of Vermont.

14        THE COURT:  All right.  Thank you.

15        And I assume the Government has no objection to

16   that?

17        MS. KRULL:  That's correct.  No objection.

18        THE COURT:  All right.  Thank you.

19        So, Mr. Griffin, just so we're clear, the next step

20   would be that I would issue an Order of Detention and an

21   Order of Commitment to another District.  You'd be held in

22   custody and transferred to the District of Vermont where you

23   would then be able to have a Detention Hearing.

24        Do you understand?

25        THE DEFENDANT:  Yes, I do, Your Honor.

16

1        THE COURT:  And is that acceptable to you?

2        THE DEFENDANT:  Yes, it is, Your Honor.

3        THE COURT:  All right.  Thank you.

4        MR. MARTINI:  The only thing I would add, Your

5  Honor, and I don't know if Your Honor can do anything in this

6  regard, but I would just ask that whatever Your Honor can do

7  to have the hearing held as quickly as possible after today's

8  date.

9        THE COURT:  Sure.  So I should note that --

10  obviously, I'll issue the Detention Order and we'll do the

11  Commitment Order today.

12        In Vermont, they do have the ability to go forward

13  with an arraignment, which is a not guilty plea, on December

14  15th at 11, a.m.  Now, that's what I would call a tentative

15  date, December 15th at 11, a.m.  So it might make sense for

16  you all to contact the District of Vermont and to see if

17  that's, you know, a feasible date as he may not -- as

18  Mr. Griffin may not have arrived by that date.

19        All right.  Is there anything else we should do in

20  Mr. Griffin's case today?

21        MS. KRULL:  Nothing from the Government.

22        MR. MARTINI:  Not from us, Your Honor.  Thank you

23  very much.

24        THE COURT:  All right.  Thank you all for joining me

25  today via Zoom.  I wish y'all a pleasant weekend and we will

1    stand in recess.

2             Thank you.

3             MR. MARTINI:   Thank you, Your Honor.

4             THE COURT:   You're welcome.

5             (Concluded at 3:02, p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                   C E R T I F I C A T E

 2

 3          I, Martha C. Marshall, RMR, CRR, hereby certify that

 4   the foregoing pages are a complete and accurate transcription

 5   to the best of my ability of the electronic recording held in

 6   the matter of UNITED STATES V. JOHN GRIFFIN, which was held

 7   before the Honorable Robert M. Spector, U.S.M.J., at 141

 8   Church Street, New Haven, Connecticut, on December 10, 2021.

 9

10

11

12                             /s/Martha C. Marshall
                             Martha C. Marshall, RMR,CRR
13                           Transcriber

14

15

16

17

18

19

20

21

22

23

24

25
```